**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:25-CR-4(1)-CRW** |
| | § | |
| **ALEJANDRO HUERTA-LUNA** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE CHRISTOPHER R. WOLFE,
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Judge pursuant to United States Code Title 28, Section 636(b)(1)(c), United States Code Title 18, Section 3401(i), the Court's standing Magistrate Referral Order, and Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of Defendant Alejandro Huerta-Luna's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I. PROCEDURAL BACKGROUND**

On May 28, 2025, United States District Judge David Counts sentenced Alejandro Huerta-Luna to a period of imprisonment equivalent to his Time Served with a one-year term of non-reporting supervised release to follow, for the crime of Illegal Re-Entry into the United States in violation of United States Code Title 8, Section 1326(a). Huerta-Luna began his initial term of supervised release on May 28, 2025.

On May 12, 2026, the United States Probation Office filed a Petition for Warrant or

Summons for Offender Under Supervision, alleging that Huerta-Luna violated the terms of his supervision in the following ways:

> **Violation Number 1:** Huerta-Luna violated mandatory condition Number 1 in that, on or about March 8, 2024, in the Western District of Texas, he, an alien who had previously been denied admission, excluded, deported and removed, knowingly and unlawfully entered, attempted to enter, and was at any time found in the United States, to wit: in Liberty Hill, Texas, said defendant not having obtained the consent to reapply for admission into the Unites States from the Attorney General of the United States and the Secretary of Homeland Security, the successor, in violation of United States Code Title 8, Section 1326(a).

On June 2, 2026, the Court held a hearing on the petition. At the hearing, Huerta-Luna pled **NO CONTEST**. The petition contained a sufficient factual basis to support a plea of **NO CONTEST**.

## II. FINDINGS OF THE COURT

Based on Huerto-Luna's sworn statements and other testimony at the hearing, the undersigned finds as follows:

1.  Huerta-Luna violated the conditions of his supervision as alleged in the petition.

2.  Huerta-Luna was competent to make the decision to enter a plea of **NO CONTEST**.

3.  Huerta-Luna had both a factual and rational understanding of the proceedings against him.

4.  Huerta-Luna did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5.  Huerta-Luna was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6.  Huerta-Luna was sane and mentally competent to stand trial for these proceedings.

7.    Huerta-Luna was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.    Huerta-Luna received a copy of the petition naming him, and he either read it or had it read to him.

9.    Huerta-Luna understood the petition and the charges alleged against him.

10.   Huerta-Luna had a sufficient opportunity to discuss the petition and charges with his attorney.

11.   Huerta-Luna was satisfied with the job his attorney has done and had no complaints about his attorney.

12.   Huerta-Luna understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13.   Huerta-Luna freely, intelligently, and voluntarily entered his plea of **NO CONTEST**.

14.   Huerta-Luna understood his statutory and constitutional rights and desired to waive them.

15.   The petition contains a sufficient factual basis to support Huerta-Luna's pleas of **NO CONTEST**.

## III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the District Judge **REVOKE** Huerta-Luna's supervised release and sentence him to the following:

(1) a three-month term of imprisonment, including credit for any time already served since his arrest; and

(2) no period of supervised release to follow.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** this 2nd day of June, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE